# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT OF WELD COUNTY, STATE OF COLORADO<br><br>Court Address: 901 9th Ave., Greeley, CO 80631<br><br>Phone Number: 970-475-2400 | DATE FILED: June 30, 2021 1:37 PM<br>FILING ID: 1C1543045500E<br>CASE NUMBER: 2021CV30389 |
| Plaintiff:<br>**Marilyn Norman**<br><br>v.<br><br>Defendant:<br>**Dillon Companies, LLC d/b/a KING SOOPERS, INC.** | ▲ Court Use Only ▲ |
| Plaintiff's Attorney:<br><br>Justin A. Dillmore, Esq. #50942<br>DILLMORE LAW LLC<br>3000 Lawrence Street, #35<br>Denver, Colorado 80210<br>Phone:    720-934-4284<br>Facsimile: 720-257-0647<br>Email:    justin@dillmorelaw.com | Case No.:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

The Plaintiff, Marilyn Norman, by and through her undersigned attorney, Dillmore Law LLC, hereby submits her Civil Complaint and Jury Demand and asserts:

## JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff Marilyn Norman (hereinafter "Plaintiff") resided in Colorado.

2. Upon information and belief, at all times relevant to this action, Dillon Companies, LLC d/b/a King Soopers, Inc., is a foreign limited liability company organized in the State of Kansas (hereinafter "Defendant").

3. Pursuant to C.R.S. § 13-1-124(1)(b), this Court has personal jurisdiction over the Defendant because they committed one or more tortious acts in the state of Colorado.

4. Pursuant to Colo. Const. Art. VI, § 9(1), this Court has subject matter jurisdiction over this matter since this Court has original jurisdiction in all civil cases.

5. Pursuant to C.R.C.P. 98(c)(5), venue is proper in Weld County District Court.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates herein by this reference the allegations set forth with specificity in preceding paragraphs of this Civil Complaint and Jury Demand, as if set forth *verbatim*.

7. On September 2, 2020, Plaintiff was walking from the parking lot to the entrance of King Soopers located at 6110 Firestone Blvd., Longmont, Colorado 80504.

8. Upon information and belief, King Soopers is owned and operated by Defendant at all times relevant to this case.

9. On that date and location, Plaintiff was walking on the sidewalk in front of King Soopers towards the entrance of the store when a defect in the sidewalk caused her to fall on the sidewalk.

10. The Plaintiff fell on the sidewalk and sustained injuries.

11. The Plaintiff was not negligent in any way regarding this injury.

12. The Plaintiff was an invitee for purposes of this injury and lawsuit.

13. The Defendant was a landowner for purposes of this injury and lawsuit.

14. The Defendant owed the Plaintiff a duty of reasonable care to protect the Plaintiff against known dangers or dangers that the Defendant might have discovered in the exercise of reasonable care.

15. The Defendant breached its duty owed to the Plaintiff.

16. The Plaintiff sustained economic damage as a direct and proximate cause of the Defendants' breach of its duty owed to the Plaintiff.

17. The Plaintiff sustained non-economic damage as a direct and proximate cause of the Defendants' breach of its duty owed to the Plaintiff.

18. The Plaintiff sustained permanent impairment and/or disfigurement as a direct and proximate cause of the Defendants' breach of its duty owed to the Plaintiff.

## FIRST CLAIM FOR RELIEF

## Statutory Premises Liability
## Pursuant to C.R.S. § 13-21-115

19. Plaintiff incorporates herein by this reference the allegations set forth with specificity the preceding paragraphs of this Civil Complaint and Jury Demand, as if set forth *verbatim*.

20. Defendant is a landowner for purposes of this injury and lawsuit because it is an authorized agent or a person in possession of the Property and a person legally responsible for the condition of Property or for the activities conducted or circumstances existing on the Property.

21. Plaintiff is an invitee because she entered or remained on the Property to transact business in which the Plaintiff and Defendant are mutually interested or who entered or remained on the Property in response to Defendant's express or implied representation that the Plaintiff is requested, expected, or intended to enter or remain on the Property.

22. Defendant owed the Plaintiff a duty of reasonable care to protect the Plaintiff against known dangers or dangers that the Defendant might have discovered in the exercise of reasonable care on its Property.

23. Defendant breached its duty owed to the Plaintiff.

24. The Plaintiff sustained economic damage as a direct and proximate cause of Defendant's breach of its duty owed to the Plaintiff.

25. The Plaintiff sustained non-economic damage as a direct and proximate cause of Defendant's breach of its duty owed to the Plaintiff.

26. The Plaintiff sustained permanent impairment and/or disfigurement as a direct and proximate cause of Defendant's breach of its duty owed to the Plaintiff.

**WHEREFORE**, Plaintiff, **Marilyn Norman,** prays for judgment against **Dillon Companies, LLC,** in an amount to be determined by a jury at trial, for pre- and post-judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem just and proper.

Plaintiff does hereby **DEMAND A TRIAL BY JURY.**

Dated this 8th day of June 2021.

Respectfully submitted,

DILLMORE LAW LLC

                                        */s/Justin A. Dillmore*
                                        Justin A. Dillmore
                                        *Attorney for Plaintiff*

Plaintiff's Address:
4927 St. Vrain Road
Firestone, Colorado 80504-5339